RL 441146-28

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAIRA MORALES-TORRES; | CIVIL NO. 10-1001 (GAG) |
| JANAIRA LAMBERTY MORALES | |
| Plaintiffs | |
| Vs. | |
| CARIBEX WORLDWIDE; | Re: PERSONAL INJURY |
| REAL LEGACY ASSURANCE | |
| COMPANY, INC. | |
| Codefendants | PLAINTIFF DEMANDS TRIAL BY JURY |

_____

**ANSWER TO COMPLAINT**

TO THE HONORABLE COURT:

COME NOW defendants CARIBEX WORLDWIDE and Real Legacy Assurance company, Inc., through their undersigned counsel and without submitting to this Honorable Court`s jurisdiction, respectfully set forth and plead:

**I. JURISDICTIONAL PLEADINGS**

1. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph one (1) of the complaint.

**II. IDENTIFICATION OF DEFENDANTS**

2. CARIBEX WORLDWIDE is a corporation duly organized under the laws of North Carolina, U. S. A. The rest of paragraph two (2) is hereby denied.

3. From the averments contained in paragraph three (3) of the complaint, codefendants admit that Real Legacy Assurance Company, Inc. is an insurer duly authorized to

2.

do business in Puerto Rico, and that it issued an insurance policy in the name of Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide, which is subject to its own clauses, terms, conditions, limits and exclusions.   The rest of paragraph three (3) is hereby denied.

     4.     From the averments contained in paragraph four (4) of the complaint, codefendants admit that Real Legacy Assurance Company, Inc. issued an insurance policy in the name of Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide, which is subject to its own clauses, terms, conditions, limits and exclusions.   The rest of paragraph four (4) is hereby denied.

     5.     From the averments contained in paragraph five (5) of the complaint, codefendants admit that Real Legacy Assurance Company, Inc., issued an insurance policy in the name of Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide, which is subject to its own clauses, terms, conditions, limits and exclusions.   The rest of paragraph five (5) is hereby denied.

### III.  IDENTIFICATION OF PLAINTIFF

     6.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph six (6) of the complaint.

     7.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph seven (7) of the complaint.

### IV.  THE OCURRENCE

     8.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph eight (8) of the complaint.

     9.     For lack of sufficient information to form an opinion about the veracity of the

3.

facts, codefendants deny the allegations contained in paragraph nine (9) of the complaint.

10.     From the averments contained in paragraph ten (10) of the complaint, codefendants admit that there was allegedly an accident involving plaintiff Daira Morales.  For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the rest of the allegations contained in paragraph ten (10) of the complaint.

11.     From the averments contained in paragraph eleven (11) of the complaint, codefendants admit that the driver of the truck involved in the alleged accident object of the instant case, was an employee of Caribe Freight & Forwarding of P. R., Inc. at the time of the accident.  The rest of paragraph eleven (11) is hereby denied.

12.     From the averments contained in paragraph twelve (12) of the complaint, codefendants admit that the truck allegedly involved in the accident object of the instant case, was owned by Caribe Freight & Forwarding of P. R., Inc. at the time of the accident.  The rest of paragraph twelve (12) is hereby denied.

13.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirteen (13) of the complaint.

14.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph fourteen (14) of the complaint.

15.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph fifteen (15) of the complaint.

16.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph sixteen (16) of the complaint.

17.     For lack of sufficient information to form an opinion about the veracity of the

4.

facts, codefendants deny the allegations contained in paragraph seventeen (17) of the complaint.

18. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph eighteen (18) of the complaint.

19. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph nineteen (19) of the complaint.

20. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty (20) of the complaint.

21. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty one (21) of the complaint.

22. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty two (22) of the complaint.

## V. DAMAGES

23. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty three (23) of the complaint.

24. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty four (24) of the complaint.

25. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty five (25) of the complaint.

26. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty six (26) of the complaint.

5.

27. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty seven (27) of the complaint.

28. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty eight (28) of the complaint.

29. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty nine (29) of the complaint.

30. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty (30) of the complaint.

31. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty one (31) of the complaint.

32. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty two (32) of the complaint.

33. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty three (33) of the complaint.

34. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty four (34) of the complaint.

35. For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty five (35) of the complaint.

36. For lack of sufficient information to form an opinion about the veracity of the

6.

facts, codefendants deny the allegations contained in paragraph thirty six (36) of the complaint.

## AFFIRMATIVE DEFENSES

1. The complaint, as drafted, fails to state a valid cause of action against codefendants.

2. There is no legal cause nor causal relation between the alleged acts or omissions attributed to codefendants and the damages allegedly suffered by plaintiffs.

3. Plaintiffs' action is time-barred.

4. Plaintiffs' and/or a third party`s exclusive negligence was the proximate cause of the alleged accident.

5. In the alternative, plaintiffs' and/or a third party`s acts and/or omissions or contributory negligence was the proximate cause of the alleged injury.

6. The damages alleged by plaintiffs are speculative, excessive and have no logical relation to the alleged acts or omissions attributed to codefendants.

7. Plaintiffs have the burden of proof in relation to the alleged codefendants` negligent acts or omissions, and their causal relation with the damages allegedly caused by codefendants` negligence.

8. The foreseeable damages doctrine is the base of the extra-contractual liability. Nevertheless, the doctrine does not impose the hereby appearing defendants the obligation to foresee all possible risks that could be conceived in a specific situation, like the one object of this action.  The duty to foresee the damages does not extend to every possible conceivable damage that could threaten plaintiff`s security, but only to the damages which are probable to occur and that would suggest its anticipation to a prudent and reasonable person.

7.

9. Codefendants are under no obligation to indemnify plaintiffs for events that were not foreseeable, or for events that even when foreseeable were inevitable, and/or caused by a third party.

10. Codefendants have no legal obligation or duty to foresee the consequences of the specific event, object of the present action.

11. Codefendants complied with every duty of care and foreseeability imposed by the Law and the jurisprudence.

12. Plaintiffs have not mitigated the alleged damages.

13. This Honorable Court lacks diversity jurisdiction and the appearing parties reserve the right to file a dispositive motion to challenge the same.

14. The insurance policy issued in the name of defendant Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide is subject to its own clauses, terms, conditions, limits and exclusions.

15. A prudent and reasonable person would have foreseen the risk of driving behind and in front of large trucks or trailers.

16. This was an unforeseen occurrence and a sudden unexpected emergency.

17. Codefendant Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide's truck driver acted as a prudent and reasonable person in a sudden unexpected emergency situation.

18. Plaintiff Daira Morales assumed the risk of her own actions.

19. Plaintiff Daira Morales' alleged damages are most probably preexistent medical conditions.

8.

20. Plaintiff Daira Morales did not stop and wait until the large trucks were out of the way, as a prudent and reasonable person would have done.

21. Due precautions on plaintiff's part, to stop and wait until the large trucks had passed, like a reasonable and prudent person would have done, would have avoided the accident.

22. Most probable mechanical failure of the truck driven by defendant Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide's employee, caused by a third party, thus out of control by defendant.

23. Design defect of the truck object of the instant case.

24. Unavoidable or inevitable accident doctrine.

25. Plaintiffs have the burden to prove that codefendants breached their duty of care, under the circumstances of the instant case.

26. Codefendants reserve the right to amend their defenses and thus include any other affirmative defense that might arise from the ongoing discovery in this case.

WHEREFORE, codefendants respectfully request from this Honorable Court that the Complaint be dismissed with the imposition of costs and attorneys fees to plaintiffs.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 24th day of February, 2010.

*S/ ERNESTO R. IRIZARRY*
**ERNESTO R. IRIZARRY**
USDC-PR   No. 126702
Attorney for codefendants
CARIBEX WORLDWIDE and
REAL LEGACY ASSURANCE COMPANY, INC.
**E R N E S T O  R .  I R I Z A R R Y**
    A t t o r n e y s  A t  L a w
**Capital Center South Tower Suite 702**

9.

                P. O. Box  363331
                San Juan, P. R. 00936-3331
                Tel. (787)  771-0200
                Fax  (787)  767-0708
                e-mail: erilaw@prtc.net / lawfirm@prtc.net
                http://www.ernestoririzarryattorneys.com/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this same date a true and exact copy of the foregoing has been filed electronically with the Clerk of the Court via CM/ECF system which will send notification of such filing via e-mail to all the attorneys of record.

                *S/ ERNESTO R. IRIZARRY*
                **ERNESTO R. IRIZARRY**