RL 441146-28

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAIRA MORALES-TORRES;                      CIVIL NO. 10-1001 (GAG)
JANAIRA LAMBERTY MORALES

Plaintiffs

Vs.

CARIBEX WORLDWIDE;                         Re: PERSONAL INJURY
REAL LEGACY ASSURANCE
COMPANY, INC.

Codefendants                                PLAINTIFF DEMANDS
                                            TRIAL BY JURY

_____

## ANSWER TO AMENDED COMPLAINT

TO THE HONORABLE COURT:

COME NOW defendants CARIBEX WORLDWIDE and Real Legacy Assurance company, Inc., through their undersigned counsel and without submitting to this Honorable Court`s jurisdiction, respectfully set forth and plead:

## INTRODUCTION

In accordance with the Minutes of the Initial Scheduling Conference held in the instant case, the parties were granted until April 14, 2010 as deadline for filing amended pleadings. (Docket No. 16).  Plaintiffs filed a motion for leave to file Amended Complaint. (Docket No. 17, 17-2).

## I.  JURISDICTIONAL PLEADINGS

1.      Paragraph one (1) of the Complaint does not require a responsive pleading, since it states matters of law.  If a responsive pleading was required, the averments stated therein are

2.

hereby denied.

## II.  IDENTIFICATION OF DEFENDANTS

2.       CARIBEX WORLDWIDE is a corporation duly organized under the

laws of North Carolina, U. S. A.  The rest of paragraph two (2) is hereby denied.

3.       From the averments contained in paragraph three (3) of the complaint,

codefendants admit that Real Legacy Assurance Company, Inc. is an insurer duly authorized to

do business in Puerto Rico, and that it issued an insurance policy in the name of Caribe Freight &

Forwarding of P. R., Inc. d/b/a Caribex Worldwide, which is subject to its own clauses, terms,

conditions, limits and exclusions.   The rest of paragraph three (3) is hereby denied.

4.       From the averments contained in paragraph four (4) of the complaint,

codefendants admit that Real Legacy Assurance Company, Inc. issued an insurance policy

in the name of Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide, which is

subject to its own clauses, terms, conditions, limits and exclusions.   The rest of paragraph four

(4) is hereby denied.

5.       From the averments contained in paragraph five (5) of the complaint,

codefendants admit that Real Legacy Assurance Company, Inc., issued an insurance policy in the

name of Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide, which is subject to

its own clauses, terms, conditions, limits and exclusions.   The rest of paragraph five (5) is hereby

denied.

## III.  IDENTIFICATION OF PLAINTIFF

6.       For lack of sufficient information to form an opinion about the veracity of the

facts, codefendants deny the allegations contained in paragraph six (6) of the complaint.

3.

7.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph seven (7) of the complaint.

## IV.  THE OCURRENCE

8.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph eight (8) of the complaint.

9.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph nine (9) of the complaint.

10.     From the averments contained in paragraph ten (10) of the complaint, codefendants admit that there was allegedly an accident involving plaintiff Daira Morales.  For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the rest of the allegations contained in paragraph ten (10) of the complaint.

11.     From the averments contained in paragraph eleven (11) of the complaint, codefendants admit that the driver of the truck involved in the alleged accident object of the instant case, was an employee of Caribe Freight & Forwarding of P. R., Inc. at the time of the accident.  The rest of paragraph eleven (11) is hereby denied.

12.     From the averments contained in paragraph twelve (12) of the complaint, codefendants admit that the truck allegedly involved in the accident object of the instant case, was owned by Caribe Freight & Forwarding of P. R., Inc. at the time of the accident.  The rest of paragraph twelve (12) is hereby denied.

13.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirteen (13) of the complaint.

14.     For lack of sufficient information to form an opinion about the veracity of the

4.

facts, codefendants deny the allegations contained in paragraph fourteen (14) of the complaint.

15.     Paragraph fifteen (15) of the complaint does not require a responsive pleading, since it states a matter of law.  If a responsive pleading was required, the averments stated therein are hereby denied.

16.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph sixteen (16) of the complaint.

**Allegations numbers 16, 17 and 21 ought to be striken from the complaint and from the record** by this Honorable Court, since Fed. R. Civ. P. 36 specifically states that admissions made by a party are considered only for the purpose of the pending action only, "and is not an admission for any other purpose nor may it be used against the party in any other proceeding".

Rule 33 of Civil Procedure, 1979, as amended, states as follows:

"…Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto,
a los fines del pleito pendiente y no constituirá una admisión de dicha
parte para ningún otro fin, ni podrá ser usada contra ella en ningún otro procedimiento".

17.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph seventeen (17) of the complaint.

**Allegations numbers 16, 17 and 21 ought to be striken from the complaint and from the record** by this Honorable Court, since Fed. R. Civ. P. 36 specifically states that admissions made by a party are considered only for the purpose of the pending action only, "and is not an admission for any other purpose nor may it be used against the party in any other proceeding".

Rule 33 of Civil Procedure, 1979, as amended, states as follows:

5.

> "…Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto,
> a los fines del pleito pendiente y no constituirá una admisión de dicha
> parte para ningún otro fin, ni podrá ser usada contra ella en ningún otro procedimiento".

18.     Paragraph eighteen (18) of the Complaint does not require a responsive pleading, since it states a matter of law.  If a responsive pleading was required, the averments stated therein are hereby denied.

19.     Paragraph nineteen (19) of the Complaint does not require a responsive pleading, since it states a matter of law.  If a responsive pleading was required, the averments stated therein are hereby denied.

20.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty (20) of the complaint.

21.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty one (21) of the complaint.

**Allegations numbers 16, 17 and 21 ought to be striken from the complaint and from the record** by this Honorable Court, since Fed. R. Civ. P. 36 specifically states that admissions made by a party are considered only for the purpose of the pending action only, "and is not an admission for any other purpose nor may it be used against the party in any other proceeding".

Rule 33 of Civil Procedure, 1979, as amended, states as follows:

> "…Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto,
> a los fines del pleito pendiente y no constituirá una admisión de dicha
> parte para ningún otro fin, ni podrá ser usada contra ella en ningún otro procedimiento".

22.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty two (22) of the complaint.

6.

## V. DAMAGES

23.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty three (23) of the complaint.

24.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty four (24) of the complaint.

25.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty five (25) of the complaint.

26.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty six (26) of the complaint.

27.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty seven (27) of the complaint.

28.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty eight (28) of the complaint.

29.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph twenty nine (29) of the complaint.

30.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty (30) of the complaint.

7.

31.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty one (31) of the complaint.

32.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty two (32) of the complaint.

33.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty three (33) of the complaint.

34.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty four (34) of the complaint.

35.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty five (35) of the complaint.

36.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty six (36) of the complaint.

37.     For lack of sufficient information to form an opinion about the veracity of the facts, codefendants deny the allegations contained in paragraph thirty seven (37) of the complaint.

### AFFIRMATIVE DEFENSES

1.     The complaint, as drafted, fails to state a valid cause of action against codefendants.

2.     There is no legal cause nor causal relation between the alleged acts or omissions attributed to codefendants and the damages allegedly suffered by plaintiffs.

3.     Plaintiffs' action is time-barred.

4.     Plaintiffs' and/or a third party`s exclusive negligence was the proximate cause of

8.

the alleged accident.

5.     In the alternative, plaintiffs' and/or a third party`s acts and/or omissions or contributory negligence was the proximate cause of the alleged injury.

6.     The damages alleged by plaintiffs are speculative, excessive and have no logical relation to the alleged acts or omissions attributed to codefendants.

7.     Plaintiffs have the burden of proof in relation to the alleged codefendants` negligent acts or omissions, and their causal relation with the damages allegedly caused by codefendants` negligence.

8.     The foreseeable damages doctrine is the base of the extra-contractual liability. Nevertheless, the doctrine does not impose the hereby appearing defendants the obligation to foresee all possible risks that could be conceived in a specific situation, like the one object of this action.  The duty to foresee the damages does not extend to every possible conceivable damage that could threaten plaintiff`s security, but only to the damages which are probable to occur and that would suggest its anticipation to a prudent and reasonable person.

9.     Codefendants are under no obligation to indemnify plaintiffs for events that were not foreseeable, or for events that even when foreseeable were inevitable, and/or caused by plaintiff Daira Morales or a third party.

10.     Codefendants have no legal obligation or duty to foresee the consequences of the specific event, object of the present action.

11.     Codefendants complied with every duty of care and foreseeability imposed by the Law and the jurisprudence.

12.     Plaintiffs have not mitigated the alleged damages.

9.

13.      This Honorable Court lacks diversity jurisdiction and the appearing parties reserve the right to file a dispositive motion to challenge the same.

14.      The insurance policy issued in the name of defendant Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide is subject to its own clauses, terms, conditions, limits and exclusions.

15.      A prudent and reasonable person would have foreseen the risk of driving between large trucks or trailers.

16.      This was an unforeseen occurrence and a sudden unexpected emergency.

17.      Codefendant Caribe Freight & Forwarding of P. R., Inc. d/b/a Caribex Worldwide's truck driver acted as a prudent and reasonable person in an unforeseen sudden unexpected emergency scenario.

18.      Plaintiff Daira Morales assumed the risk of her own actions.

19.      Plaintiff Daira Morales' alleged damages are most probably preexistent medical conditions.

20.      Plaintiff Daira Morales did not stop and wait until the large trucks were out of the way, as a prudent and reasonable person would have done.

21.      Due precautions on plaintiff's part, to stop and wait until the large trucks had passed, like a reasonable and prudent person would have done, would have avoided the accident.

22.      **Allegations numbers 16, 17 and 21 ought to be stricken from the complaint and from the record** by this Honorable Court, since Fed. R. Civ. P. 36 specifically states that admissions made by a party are considered only for the purpose of the pending action only, "and is not an admission for any other purpose nor may it be used against the party in any other

10.

proceeding".

Rule 33 of Civil Procedure, 1979, as amended, states as follows:

"…Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto,
a los fines del pleito pendiente y no constituirá una admisión de dicha
parte para ningún otro fin, ni podrá ser usada contra ella en ningún otro procedimiento".

23. Design defect of the truck object of the instant case.

24. Unavoidable or inevitable accident doctrine.

25. Plaintiffs have the burden to prove that codefendants breached their duty of care,

under the circumstances of the instant case.

26. Codefendants reserve the right to amend their defenses and thus include any other

affirmative defense that might arise from the ongoing discovery in this case.

WHEREFORE, codefendants respectfully request from this Honorable Court that the

Amended Complaint be dismissed with the imposition of costs and attorneys fees to plaintiffs.

RESPECTFULLY SUBMITTED.

In San Juan,  Puerto Rico this 13th day of April, 2010.

*S/ ERNESTO R. IRIZARRY*
**ERNESTO R. IRIZARRY**
USDC-PR   No. 126702
Attorney for codefendants
CARIBEX WORLDWIDE and
REAL LEGACY ASSURANCE COMPANY, INC.
**E R N E S T O  R .  I R I Z A R R Y**
A t t o r n e y s  A t  L a w
**Capital Center South Tower Suite 702**
P. O. Box  363331
San Juan, P. R. 00936-3331
Tel. (787)  771-0200
Fax  (787)  767-0708
e-mail: erilaw@prtc.net / lawfirm@prtc.net
http://www.ernestoririzarryattorneys.com/

11.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this same date a true and exact copy of the foregoing has been filed electronically with the Clerk of the Court via CM/ECF system which will send notification of such filing via e-mail to all the attorneys of record.

*S/ ERNESTO R. IRIZARRY*
**ERNESTO R. IRIZARRY**
